Argued May 8, reversed May 22, 1968

HAWTHORNE, *Respondent, v.* AMERICAN
CANCER SOCIETY ET AL, *Appellants.*

441 P. 2d 247

*Peter A. Schwabe, Jr.,* Portland, argued the cause
for appellants. With him on the briefs was Warren
Hastings, Portland.

*Paul W. Jones,* Portland, argued the cause for re-
spondent. With him on the brief were Morrison &

Bailey, Portland, and Donald E. Heisler and Heisler & Van Valkenburgh, The Dalles.

Before PERRY, Chief Justice, and McALLISTER, O'CONNELL, GOODWIN, DENECKE, HOLMAN and LUSK, Justices.

GOODWIN, J.

This is an appeal from a declaratory decree which construed a dispositive sentence of a will after the court had made a preliminary finding that the sentence was ambiguous.

Article III, subsection (1) of the will provided as follows:

> "To my adopted son, EVERETTE B. HAW-THORNE, I bequeath and devise my home place consisting of approximately 18½ acres in Hood River County, Oregon, and being all the real property owned by me * * * in said county at this time; together with all the machinery, equipment, livestock and personal property located upon or used in connection with the farming of said premises, and certificates for funds withheld, money on deposit, other credit and rights of membership in the Apple Growers Association of Hood River, Oregon. I also give and bequeath to him all my personal and household effects of every kind and nature including furniture, pictures, books, jewelry, works of art, wearing apparel and automobile."

The next subparagraph of the will created a trust of the residue of the estate. One half of the trust was for the beneficiary named above, who is also the executor, and the other half was for the benefit of certain named charities.

The present controversy concerns a bank checking account and four savings accounts in various banks

and savings and loan associations. The executor says "money on deposit" in subsection (1), quoted above, was intended to describe these accounts. The charities say the accounts were not described in the will and thus became part of the residue of the estate.

We are unable to follow the executor's argument, which prevailed below, that the words "money on deposit" were intended to mean all money of the testatrix on deposit anywhere. The pertinent phrase in the dispositive sentence refers alike to "certificates for funds withheld, money on deposit, other credit and rights of membership," all in the context of the business with the Apple Growers Association.

To support his construction of the will, the executor introduced evidence that fruit growers in the region did not ordinarily refer to their balances with the Apple Growers Association as "money on deposit." A number of witnesses testified that, while the growers' association commonly retained balances in favor of member growers, the growers never referred to such funds as "money on deposit." The trust beneficiaries of the charitable gifts objected to all such evidence on the ground that the will was free from ambiguity and that evidence to explain the intent of the testatrix was therefore not necessary.

Even considering the extrinsic evidence, the admissibility of which we will assume, we believe that the words "money on deposit" were intended to apply only to such funds of the testatrix as might be in the possession of the association at the time of her death.

To read the sentence as the executor would have us read it would require a strained construction of a phrase obviously designed to dispose of a variety of assets connected with a specific account with the Apple Growers Association. If that phrase was also intended

to dispose of all money in banks and savings associations, wherever held, the testatrix employed an unusual method for saying so. Such a reading of the sentence cannot be squared with the remainder of the instrument, which as a whole appears to have been carefully drawn. It seems reasonable to believe instead that the testatrix intended her money in banks and savings accounts to be part of the residue of her estate. Had she wanted to dispose of such money by specific bequest, it would have been very simple to have mentioned such money in the sentence which followed the one dealing with the farm and the Apple Growers Association. The sentence structure of the quoted paragraph shows that the farm and a variety of assets connected therewith were disposed of in one sentence and a variety of nonfarm assets were disposed of in the next.

The error below was in isolating the language used in the will from the context in which it appears, and in treating the words "money on deposit" as describing a separate class of property having no relation to the property described in the remainder of the phrase, "certificates for funds withheld, money on deposit, other credit and rights of membership in the Apple Growers Association * * *."

Reversed.